09-1436-cv
Joseph F. Cooper v. PSI Group, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of February , two thousand ten.

Present:
> Joseph M. McLaughlin,
> Pierre N. Leval,
> Richard C. Wesley,
> > *Circuit Judges*,

---

Joseph F. Cooper,

> *Plaintiff-Appellant,*

> > v.                                                             No. 09-1436

PSI Group, Inc., Siemens Dematic Mail SVC Inc.,

> *Defendant-Appellees*,

Siemens Dematic Corp.,

> *Defendant*.

---

1

For Plaintiff-Appellant: JAMES H. HOWARD, Phelon, Fitzgerald & Wood, P.C., Manchester, CT

For Defendant-Appellees: JOHN G. STRETTON, Edwards Angel Palmer & Dodge, Stamford, CT, *for* defendant-appellee PSI Group, Inc.

THOMAS F. ALLEN, JR., Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX (Margaret P. Mason, LeClair Ryan, New Haven, CT, and Rebecca Visosky, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX, *on the brief*), *for* defendant-appellee Siemens Dematic Mail SVC Inc.

_____

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** the judgment of the district court be **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Plaintiff Joseph Cooper appeals from (1) the district court's June 5, 2008 order granting in part defendants' motion to dismiss, and (2) the district court's March 23, 2009 order granting summary judgment to defendants on the remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of a motion to dismiss *de novo*, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review a district court's grant of summary judgment *de novo*. *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 465 (2d Cir. 2001). "Summary judgment is appropriate only when there are no genuine issues of material

fact and the movant is entitled to judgment as a matter of law." *Id.* When making this determination, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. *Id.* at 465-66.

The district court granted Siemens' motion to dismiss Cooper's claim under the Connecticut Wage Act, Conn. Gen. Stat. § 31-72, on the ground that a two-year statute of limitations applied. That statute of limitations, Conn. Gen. Stat. § 52-596, provides that "[n]o action for the payment of remuneration for employment *payable periodically* shall be brought but within two years after the right of action accrues." *Id.* (emphasis added). Cooper argues that the district court erred in applying this statute to his claim, which sought to recover unpaid commissions, because those commissions were not "payable periodically."

We agree. Siemens points to no contractual provision that specifies or requires that Cooper's commission payments be made on any periodic schedule. The contract appears to be silent as to when Cooper was entitled to receive these commission payments. Accordingly, the district court erred when it concluded that Cooper's remuneration was "payable periodically" and that his wage act claim against Siemens was therefore barred by the two-year statute of limitations.

Cooper's remaining claims, however, were properly disposed of by the district court. The letter agreement between Cooper and PSI was integrated on the subject of commissions, both because they were "mentioned, covered, or dealt with in the writing," *Associated Catalog Merchandisers, Inc. v. Chagnon*, 210 Conn. 734, 740 (1989) (internal quotation marks omitted), and because the letter agreement contained a merger clause, which "is conclusive evidence of the parties' intent to create a fully integrated agreement," *Alstom Power, Inc. v. Balcke-Durr, Inc.*, 269 Conn. 599, 612 (2004). This integration bars Cooper's attempt to introduce evidence of a conflicting

conversation he had with a PSI manager prior to being hired, and thus bars his assertion that he should have been paid commissions "in accordance with the [Siemens] Employment Agreement."

Cooper's claims against Siemens and PSI based on a theory of unjust enrichment are also without merit. "[A]n express contract between the parties precludes recognition of an implied-in-law contract governing the same subject matter," *Meaney v. Connecticut Hosp. Ass'n, Inc.*, 250 Conn. 500, 517 (1999) (internal quotation marks omitted), and thus precludes recovery for unjust enrichment. *See Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 574 (2006). Cooper entered into written employment agreements with both PSI and Siemens, and those agreements addressed the subject of commissions. Accordingly, Cooper cannot recover on a theory of unjust enrichment.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK